UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SARMAD HABIB, *et al.*,

        Plaintiffs,

vs.

Case No. 13-cv-10853
HON. GERSHWIN A. DRAIN

BANK OF AMERICA, NA,
*et al.*,

        Defendants.

_____/

## ORDER OVERRULING OBJECTION [#6] AND SETTING SCHEDULING CONFERENCE FOR APRIL 25, 2013 AT 10:00 A.M.

On March 1, 2013, Defendants removed this action from the Macomb County Circuit Court. Plaintiffs filed the instant actions seeking to quiet title to property located in Shelby Township that was sold at a sheriff's sale after Plaintiffs defaulted under the terms of their mortgage loan.

Presently before the Court is Plaintiffs' Objection to Removal, filed on April 11, 2013. Plaintiffs argue that Defendants failed to timely remove this matter because it was not removed within thirty days from Defendants receipt of the initial pleading as required by 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading . . . .").

Plaintiffs' non-jurisdictional objection to the notice of removal is waived because Plaintiffs failed to file their objection within thirty days from the filing of Defendants' Notice of Removal. *See* 28 U.S.C. § 1447(c). Section 1447(c) states in pertinent part:

A motion to remand the case on the basis of any defect other than lack of subject

matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).

28 U.S.C. § 1447(c); *see also Young v. Chubb Group of Ins. Cos.*, 295 F. Supp. 2d 806, 807 (N.D. Ohio 2003) (citing § 1447(c) and *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 392 (1998)) (Plaintiff "waived his right to challenge the timeliness of Defendant's . . . removal because his motion for remand was filed more than thirty (30) days after the filing of [Defendant]'s Notice of Removal."); *Winners Corp. v. Lafayette Life Ins. Co.*, 734 F. Supp. 812, 814 (M.D. Tenn. 1989) (citing *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)) ("The time limitation for removal is not jurisdictional; it is merely remedial and formal and may be waived.").

Here, Defendants filed their Notice of Removal on March 1, 2013. Plaintiffs did not file an objection until April 11, 2013, or more than thirty days after the Notice of Removal was filed. Accordingly, Plaintiffs have waived any objection to the timeliness of Defendants' Notice of Removal. *Winners Corp, 734 F. Supp. at 814; Leininger*, 705 F.2d at 729; *Young*, 295 F. Supp. 2d at 807.

For the reasons stated above, Plaintiffs' April 11, 2013 objection [#6] is OVERRULED.

The parties shall appear for a scheduling conference on <u>April 25, 2013 at 10:00 a.m</u>.

SO ORDERED.

Dated: April 12, 2013  /s/Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE