UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SARMAD HABIB, *et al.,*

        Plaintiffs,

                                     Case No. 13-cv-10853
                                     Honorable Gershwin A. Drain

v.


BANK OF AMERICA, N.A., *et al.,*

        Defendants.

_____/


## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (#8)


### I.  INTRODUCTION

      The instant matter was removed from the Circuit Court for the County of Macomb by Defendant, where a complaint was filed by Plaintiffs Sarmad Habib and Souad Habib (the "Habibs" or "Plaintiffs") against Bank of America, N.A. and Nationstar Mortgage, LLC[1]. Plaintiffs seek to challenge the foreclosure of a mortgage that encumbered property located at 7107 Tottenham, Shelby Township, Michigan (the "Property"). Plaintiffs bring four claims: quiet title, count I; breach of M.C.L. 600.3205c, count II; request for declaratory relief and for specific performance of consent judgment in national mortgage settlement (third party beneficiary), count III; and injunctive relief, count IV.

---

[1] Defendant, Nationstar Mortgage ("Nationstar") was never served with the Summons and copy of the Complaint. Therefore, Defendant Nationstar is dismissed from this action based on Plaintiffs' failure to timely serve Defendant.

Presently before the court is Defendant's Motion to Dismiss. This motion has been fully briefed, and the Court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons that follow, the Court **GRANTS** Defendant's Motion to Dismiss.

## II.  FACTUAL BACKGROUND

On December 27, 2004, Plaintiff Sarmad Habib entered into a mortgage loan transaction (the "Loan") with Pulte Mortgage, LLC ("Pulte"). Plaintiff then executed a promissory note in the amount of  $358,751.00 (the "Note") along with a mortgage ("Mortgage") that secured the Property in favor of Pulte nominee, Mortgage Electronic Registration Systems, Inc. ("MERS"). *See* Mot., Dkt. No. 8-5, Ex. D., pg. 2. On January 19, 2005, the mortgage was recorded in favor of MERS in Liber 16306, page 199 of the Macomb County Register of Deeds. *See Id.*, Dkt. No. 8-6, Ex. E. On May 16, 2011, MERS assigned the Mortgage to BAC Home Loans Servicing, L.P. ("BACHLS"). On October 16, 2012, the servicing of the Loan was transferred to Nationstar Mortgage, LLC ("Nationstar"). *See generally*, Dkt. No. 8-8, Ex. 8.

It appears that Plaintiffs have experienced financial difficulties causing them to default on their obligations under the Mortgage and Note. *See* Dkt. No. 1, ¶ 8;  *see also* Mot., Dkt. No. 8, pg. 10. Plaintiffs claim that Defendant denied them a loan modification intentionally precluding Plaintiffs from retaining possession of the Property.

## III. LAW AND ANALYSIS

## A.  STANDARD OF REVIEW

Federal Rule of Civil Procedure12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims.  To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.*  (citations and quotations omitted).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid  of 'further factual enhancement.'"  *Id.*  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.*  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "[W]here the well-pleaded facts do

not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* at 679.

## B.  MOTION TO DISMISS

### 1. Quiet Title

Plaintiffs argue that the Court should grant them legal title in the subject Property, award them damages, costs and attorney's fees as a result of Defendant's alleged denial of Plaintiffs' request for a loan modification. *See* Dkt. No. 1, ¶¶ 10,11, 19-23. Defendant argues that Plaintiffs have not provided any foundation for their allegations that the Court should Quiet Title to the Property free of the mortgage. *See* Mot., Dkt. No. 8, pg. 12. Defendant contends that Plaintiffs have not presented sufficient facts, such as proof that the loan has been paid in full or proof that title to the Property is clouded, that would demonstrate that they have superior title to the Property to sustain an action for Quiet Title. *See Id.* The Court agrees with the Defendant.

Plaintiffs have not alleged a Quiet Title claim that meets the requirements set forth in M.C.R. § 3.411. This rule requires that Plaintiffs properly allege their ownership interest in the property. M.C.R. § 3.411(B)(2) states the complaint must allege: (a) the interest the plaintiffs claim in the premises; (b) the interest the defendant claims in the premises; and (c) the facts establishing the superiority of the plaintiffs' claim.  To state it another way, Plaintiffs must show that they have title to the property superior to claims by others with an interest in the property. *Beaulah Hoagland Appelton Qualified Pers. Residence Trust v. Emmet County Road Comm'n*, 236 Mich. App. 546, 550 (1999).

If Plaintiffs succeed in making a *prima facie* case of title, the burden shifts to the

Defendant to prove it has superior right or title. *Id.*

Here, Plaintiffs' and Defendant both correctly claim an interest in the property. Although Plaintiffs have failed to make timely payments, the foreclosure process has not been finalized, and they still owe a mortgage to Defendant on the subject Property. Plaintiffs have not satisfied the mortgage loan on the Property and Plaintiffs cannot show possession of superior title. Therefore, Count I of Plaintiffs' complaint is dismissed.

<u>2. Breach of M.C.L. § 600.3205c</u>

Plaintiffs urge the Court to grant them legal title to the subject Property, including damages and attorney fees as a result of Defendant's alleged failure to comply with M.C.L. § 600.3205c. *See* Dkt. No. 1, pgs. 13-14. Defendant correctly argues that the relief Plaintiffs seek is outside of the scope of available remedies provided for under § 600.3205c. *See Smith v. Bank of Am. Corp.*, 485 F. App'x 749, 756 (6th Cir. 2012).

Specifically, M.C.L. § 600.3205c provides in part:

> (8) If a mortgage holder or mortgage servicer begins foreclosure proceedings under this chapter in violation of this section, the borrower may file an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure. If a borrower files an action under this section and the court determines that the borrower participated in the process under section 3205b, a modification agreement was not reached, and the borrower is eligible for modification under subsection (1), and subsection (7) does not apply, the court shall enjoin foreclosure of the mortgage by advertisement and order that the foreclosure proceed under chapter 31.

Furthermore, Plaintiffs reference general subsections of § 600.3205c and do not explain how Defendants violated the specific subsections mentioned. *See* Dkt. No. 1., pg.

14. Plaintiffs generally allege that Defendant failed to complete the loan modification process and subsequently denied their request for a loan modification. Yet, Plaintiffs present the Court with no law supporting the proposition that M.C.L. § 600.3205c requires that Defendant provide them with a loan modification in order for Defendant to be in compliance with the statute. Regardless, in light of the undisputed facts, Defendant was entitled to move forward with the foreclosure process and its actions were not in violation of Michigan's modification statute. Even viewing the facts in the light most favorable to the Plaintiffs, no facts have been presented that would cause a reasonable trier of fact to find that Defendant violated M.C.L. § 600.3205c. Therefore, Count II is dismissed.

### 3. Request for Declaratory Relief and Specific Performance of Consent Judgment in National Mortgage Settlement

Plaintiffs argue that they are in the class of borrowers who are beneficiaries of a Consent Judgment pursuant to a complaint filed in the United States District Court for the District of Columbia. Plaintiffs contend that as a result of the Consent Judgment, Defendant is obligated to provide Plaintiffs with a loan modification.

Conversely, Defendant states that Plaintiffs are not a party to the National Mortgage Settlement and cannot sue to enforce its terms as a third-party. Moreover, because Plaintiffs are a third-party to the Consent Judgment, Defendant also contends that Plaintiffs have no right to enforce a consent judgment such as the National Mortgage Settlement. In support of their proposition, Defendant points the Court to the United States Supreme Court case of *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723 (1975). In *Blue Chip Stamps*, the Court held as a general matter that consent judgments are "not enforceable

directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefited by it." 421 U.S. 723, 750.

The Consent Judgment that Plaintiffs refer to resulted from a complaint filed by the United States Department of Justice and the attorneys general of forty-nine states and the District of Columbia against five mortgage servicers, including Defendant, alleging various foreclosure abuses in the case of *United States v. Bank of America, N.A.*, *et al.,* Case No. 12-cv-00361 (D.D.C. Apr. 5, 2012). *See Rehbein v. CitiMortgage, Inc.*, Case No. 2:13cv65, 2013 U.S. Dist. LEXIS 49104, at * 13. The parties reached a settlement (the "National Mortgage Settlement") and the Consent Judgment memorializes the standards agreed upon by the parties to protect homeowners. *Id.*

Plaintiffs cite no authority nor do Plaintiffs present any facts supporting their assertion that pursuant to the National Mortgage Settlement Defendant agreed to or is obligated to provide Plaintiffs with a loan modification. Consent judgments and decrees are "to be construed for enforcement purposes basically as a contract." *United States v. ITT Cont. Baking Co.*, 420 U.S. 223, 238 (1975)The Consent Judgment of the National Mortgage Settlement expressly provides that "obligations under this Consent Judgment shall be enforceable solely in the U.S. District Court for the District of Columbia. An enforcement action under this Consent Judgment may be brought by any Party to this Consent Judgment or the Monitoring Committee." *See* Consent Judgment, https://d9klfgibkcquc.cloudfront.net/Consent_Judgment_BoA-4-11-12.pdf, ¶J. 1, 2.

Plaintiffs have not pled that they are parties to the National Mortgage Settlement nor have they shown that they are members of the Monitoring Committee. And even if Plaintiffs were parties, pursuant to the express language of the Consent Judgment, enforcement of

the obligations under the agreement fall under the jurisdiction of the U.S. District Court for the District of Columbia. Accordingly, Count III of Plaintiffs' complaint is dismissed.

### 4. Injunctive Relief

Defendant argues that a claim for injunctive relief must be dismissed because injunctive relief is a remedy, not a cause of action. Defendant is correct. *See Terlecki v. Stewart*, 278 Mich. App. 644, 663 (2008); *See also Tann v. Chase Home Fin., L.L.C.*, Case No.10-14696, 2011 U.S. Dist. LEXIS 96026, 2011 WL 3799841, at *10 (E.D. Mich. Aug. 26, 2011) ( "[P]laintiff cannot seek an injunction as a stand-alone cause of action; it is only available as an equitable remedy."). Therefore, because Plaintiffs cannot set forth an underlying cause of action against Defendant and injunctive relief is not an independent cause of action, Plaintiffs' request for injunctive relief must be dismissed.

### IV. Conclusion

For the reasons stated above, Defendant's motion to dismiss [#15] is GRANTED.


SO ORDERED.

Dated: July 15, 2013                                   s/Gershwin A Drain
                                                      GERSHWIN A. DRAIN
                                                      United States District Judge


I hereby certify that a copy of the foregoing document was served upon counsel of record on July 15, 2013, by electronic and/or ordinary mail.

                                 S/Tanya Bankston
                                 Case Manager